**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **Case No. 26-cr-190 (MJS/RDM)** |
| | : | |
| **TAVONTE WILLIAMS,** | : | |
| | : | **UNDER SEAL** |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that defendant Tavonte Williams be detained pending trial pursuant to 18 U.S.C. §§ 3142(d)(1)(A)(iii) (Probation or Parole) and (f)(1)(C) (Serious Drug Felony). The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

Defendant Tavonte Williams is charged by indictment with five counts of distribution of 28 grams or more of cocaine base, in violation of Title 21 U.S.C. § § 841(a)(1), (b)(1)(B). There is a rebuttable presumption that the defendant be held under 18 U.S.C. § 3142(e)(3)(A) as he is charged by indictment with a felony drug offense punishable by more than ten years incarceration. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (noting that indictment alone raises the rebuttable presumption that no release conditions would reasonably assure the safety of the community). Accordingly, the defendant must come forward with evidence to rebut the presumption, but even if he does the presumption does not disappear and instead remains an

RECEIVED
AUG 18 2026
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

important factor for the court to consider. *See, e. g., United States v. Cherry*, 221 F. Supp. 3d 26, 32 (D.D.C. 2016) (quoting *United States* v. Ali, 793 F. Supp. 2d 386, 391 (D.D.C. 2011).

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of evidence by proffer is permitted. *Id.; Smith*, 79 F.3d at 1210. Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *Smith*, 79 F.3d at 1210, *see also Williams*, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. 18 U.S.C. § 3142(g). A review of these factors shows that detention is appropriate.

### A. Nature and Circumstances of the Offense

This case arises from a MPD and DEA investigation into narcotics trafficking in the area of the 2300 block of 15th Street, N.E., Washington, D.C. near Saratoga Avenue, a long-time drug

trafficking problem area. On December 2025, an undercover (UC) officer began to purchase cocaine base from defendant Williams. The UC began by buying smaller amounts, but then he worked up to buying the larger amounts charged in the indictment. In particular, the UC purchased approximately 28 grams of cocaine base from the defendant on January 11, 2026; he purchased approximately 31 grams of cocaine base on January 29, February 5, and February 25, 2026; and he purchased approximately 61 grams of cocaine base from the defendant on March 30, 2026. The defendant appeared to use multiple stash houses when selling to the UC. In total, the UC purchased approximately 238 grams of cocaine base from Williams. The government's preliminary guideline estimate is that the defendant's guideline range is 97-121 months if he were to be found guilty after trial. Accordingly, this factor gives rise to the rebuttable presumption and clearly weighs in favor of detention. *See, e. g,, Smith*, 79 F.3d at 1210; *United States v. Holroyd*, 2018 WL 294529 at * 2 (D.D.C.) (McFadden, J.) (weighing factor in favor of detention when defendant charged with trafficking large amounts of cocaine base).

**B. <u>Weight of the Evidence</u>**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. This factor should be considered equally with the other three factors. *United States v. Zhe Zhang*, 51 F. 4th 141 (2d Cir. 2022) (holding that each factor is to be given equal weight). This factor is a "common-sense" consideration, "if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *United States v. Blackson*, No. 23-cr-25 (BAH), 2023 WL 1778194, at *10

(D.D.C. Feb. 6, 2023) (Howell, C.J.), *aff'd,* No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023).

As noted above, the evidence against the defendant is very strong. Williams repeatedly sold narcotics to an UC. These sales are audio/video recorded. The sales were set up by phone calls between the UC and Williams on a phone in Williams' name. Still photos from March 30, 2026, are attached below. Accordingly, this factor favors detention.



### C. <u>The Defendant's History and Characteristics</u>

The defendant is 31 years old. The Pretrial Services Agency reports that he is unemployed and that he has a 2026 conviction for misdemeanor sex abuse, two 2017 felony convictions for offenses involving PCP, and a 2017 unlawful entry conviction. In addition, he was on release when he committed the charged offenses in this case. Accordingly, this factor favors detention. *See* 18 U.S.C. § 3142(g)(3)(B) (noting that court should consider whether defendant is on supervision when considering whether to detain a defendant).

### D. <u>Danger to the Community</u>

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. As noted above, based on the charges in the indictment, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" under 18 U.S.C. § 3142(e)(3).

Here, not only was the defendant making repeated sales of narcotics to an UC, as noted above, he was on supervision while he did so. Accordingly, this factor also favors detention. *See United States v. Brown*, 538 F. Supp. 3d 154, 170 (D.D.C. 2021) (Lamberth, J.) (weighing factor in favor of detention when defendant charged with dealing cocaine and noting dangers of cocaine distribution); *Holroyd*, 2018 WL 294529 at *3 (noting dangers of drug distribution to the community).

## III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that defendant Tavonte Williams be held without bond pending trial.

Respectfully submitted,

JEANINE FERRIS PIRRO,
UNITED STATES ATTORNEY

By: */s/ Nihar R. Mohanty*
NIHAR R. MOHANTY
Assistant United States Attorney
D.C. Bar Number 436-686
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
Telephone: 202-252-7700
Email: Nihar.Mohanty@usdoj.gov